JAN 1 5 2008

JAMES N. HATTEN, Clerk
By:                    Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION )
)
Plaintiff, )
)
vs. )
)    CIVIL ACTION NO:
)
RUBY TUESDAY, INC., )    1 08-CV-0146
)
)
Defendant. )
_____ )

JTC

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter, the "EEOC") against Ruby Tuesday, Inc., (hereinafter, the "Defendant") pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) (hereinafter, the "ADA") and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in this civil action that the Defendant acted unlawfully by discriminating against Paula Ardito and Lisa Webb on the basis of

disability in violation of the ADA.  In its Complaint, the Commission sought make-whole relief including, but not limited to, compensatory damages, punitive damages, injunctive, and other affirmative relief. The Defendant denies the allegations made by the Commission, and disputes and denies any liability to the Commission or to any other persons.  All of the parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in this Consent Decree which will promote and effectuate the purposes of the ADA.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of the ADA.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I. NON-DISCRIMINATION AND NON-RETALIATION

Defendant is enjoined from discriminating against any employee or affected group member in any aspect of employment and shall not retaliate against any person because that person is a beneficiary of the Consent Decree, or has provided

information or assistance, or has participated in any other manner in any investigation or proceeding relating to this Consent Decree.

Defendant, to ensure equal opportunity in the employment process, shall make all decisions affecting hiring, promotion, compensation, job assignment, sick and disability leave, discharge, and other terms, conditions, and privileges of employment, without regard to race, color, sex, pregnancy, religion, national origin, age, or disability status.

## II. NOTICES TO BE POSTED: INSTRUCTION TO MANAGEMENT

Defendant shall keep posted, at all facilities, the notice required to be posted pursuant to Section 106 of the ADA, and, for at least eighteen (18) months immediately following the entry of this Decree, shall also keep conspicuously posted a copy of the Notice attached to this Decree at its facilities in Woodstock, Ringgold, Cartersville, Ellijay and Calhoun, Georgia. Within forty-five (45) days from the entry of this decree, Defendant shall instruct its management and supervisory personnel regarding the full meaning of those notices and this Consent Decree. The posting required by this paragraph shall be conspicuously made on bulletin boards or locations selected so that each employee at the facilities will observe at least one such posting when at the facility. Defendant shall certify the

completion of the posting and instruction to the Commission within forty-five (45) days from the entry of this Consent Decree. All written certifications required by this Section shall be addressed to Robert Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant shall not withhold the right of the Commission to enter upon Defendant's premises, with reasonable notice, to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

## III. INSTRUCTION TO MANAGEMENT

Within forty-five (45) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its facilities in Woodstock, Ringgold, Cartersville, Ellijay and Calhoun, Georgia have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by the ADA. All written certifications required by this Section shall be

4

addressed to the Regional Attorney at the EEOC's Atlanta District Office at the above-referenced address.

## IV. **REPORTING REQUIREMENT**

For the duration of the term of this Decree, Defendant agrees that any complaint arising at its Woodstock, Ringgold, Cartersville, Ellijay and Calhoun, Georgia facilities, and brought to the attention of management by any employee(s) against any other employee(s) or manager(s) alleging disability discrimination shall be reported to the Regional Attorney in the Atlanta District Office. Every six months for the duration of this Consent Decree, Defendant shall certify, in affidavit form, a summary report to the Regional Attorney specifying whether an employee has complained of disability discrimination. If an employee has so complained, then the summary report shall state in written affidavit form the following:

(a) The date of the complaint or report,

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

(e) The name and title of the Defendant's official who learned of the

complaint or report,

(f) What, if any, action was taken by Defendant in response to the complaint or report (e.g. employee discipline), and

(g) A detailed narrative of how the complaint or report was resolved by Defendant.   The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

## V. CHARGING PARTY'S INDIVIDUAL RELIEF: MONETARY RELIEF

Within ten (10) days of the entry of this Consent Decree, Defendant, in settlement of all alleged claims, shall provide to Charging Party Paula Ardito a one-time payment in the amount of $35,000.00, and shall provide to Lisa Webb a one-time payment in the amount of $35,000.00, A copy of the checks to Ms. Ardito and Ms. Webb will be mailed within five working days of their initial mailing to Robert Dawkins, Regional Attorney, in the EEOC Atlanta District Office, whose address is 100 Alabama Street, Suite 4R30, Atlanta Georgia 30303.

## VI.    TRAINING

Defendant shall, in an appropriate location, hold a training session for all of its managers and supervisory personnel employed at its facilities in Woodstock,

Ringgold, Cartersville, Ellijay and Calhoun, Georgia, the cost of which is to be borne by Defendant.  Said training session shall address the Defendant's and its employees' equal employment opportunity obligations pursuant to the ADA, including, but not limited to, Defendant's obligation not to retaliate against any employee in violation of the ADA. The above referenced training shall be completed within sixty (60) days of the Court's entry of this Consent Decree.  On or before that date, Defendant shall certify to the Regional Attorney that such training has been completed.

Defendant shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training, contemplated by this Section VI, will be accomplished.  Defendant shall provide written certification to the EEOC of training completed pursuant to this Section within thirty (30) days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training.  If written training materials are utilized, the Commission shall be supplied with a copy prior to the training.

## VII. PROCEDURE FOR ENFORCING COMPLIANCE

7

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify Defendant in writing by certified mail to Kevin Reeve, if it has any reason to believe that any action or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.  If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation.  If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.  Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute, as contemplated by Section VII, from being fully and completely

8

processed in the manner described in Section VII, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## VIII. COMPLIANCE OFFICIAL

Kevin Reeve shall be responsible for compliance with this Consent Decree and shall also be responsible for coordinating and overseeing Defendant's compliance with this Consent Decree.   Defendant shall retain the right to shift compliance responsibility of the Decree to another individual and shall notify the EEOC within ten (10) days.

## IX.  TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of eighteen (18) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby, have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.   If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended

9

until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for eighteen (18) calendar months from the date of entry of this Consent Decree unless the Court acts or the EEOC has, prior to the expiration of said eighteen (18) month period, moved to enforce compliance with the Consent Decree. If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the eighteen (18) month period have been resolved. Therefore, this Court shall retain jurisdiction over this action, as described above, and shall dismiss this cause with prejudice in accordance with Court procedures.

## X.  OTHER ACTIONS

The EEOC shall not commence or prosecute against Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages, or liabilities that arise out of EEOC Charge Number 410-2007-00484, or this lawsuit. This Consent Decree in no way affects the EEOC's right to process

any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 17(a) of the ADA on any such charge.  Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act of 1963, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act of 1990, or the regulations promulgated pursuant thereto.  Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

## XI. <u>COSTS AND ATTORNEY FEES</u>

The EEOC and Defendant shall each bear their own respective costs and attorneys fees for this action.

The parties hereto and undersigned attorneys of record for the EEOC and Defendant in the above-styled action, hereby, consent to the entry of the foregoing Consent Decree.

**BY CONSENT**

Counsel for Plaintiff:

Robert Dawkins
Regional Attorney
Georgia Bar No. 076206

EEOC-ATLANTA DISTRICT
 OFFICE
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818 - phone
(404) 562-6905 - fax
robert.dawkins@eeoc.gov

Defendant:

On Behalf of Ruby Tuesday, Inc.
Kevin Reeve, Sr. Attorney

APPROVED, DONE, and SIGNED this 24 day of _____ Jan _____, 2008.

District Judge
U.S. District Court of Georgia
Northern District of Georgia, Atlanta Division

12

# **N O T I C E**

1.  This notice to all employees of Ruby Tuesday, Inc., (hereinafter the "Company") is being posted as part of the remedy agreed to between the Company and the Equal Employment Opportunity Commission, EEOC, in a consent decree filed in the United States Federal District Court, Atlanta, Georgia (Case No. _____).

2.  Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability, or age with respect to hiring, firing, compensation or other terms, conditions, or privileges of employment.

3.  The Company supports and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability, age, or because they have exercised their rights under the law.

4.  The Company has taken and will continue such remedial action as is required by the consent order entered by the United States District Court.

5.  This notice will remain posted for eighteen (18) months, until August 2009.

Signed this _____ day of _____, 2008.

13

_____
On Behalf of Ruby Tuesday, Inc.

**DO NOT REMOVE THIS NOTICE UNTIL**
August 2009